NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE HYBIR, INC.,**
*Plaintiff-Appellant*

---

2025-1367

---

Appeal from the United States District Court for the District of Massachusetts in No. 1:20-cv-10329-IT, Judge Indira Talwani.

---

Decided:  April 21, 2026

---

SETH OSTROW, Meister Seelig & Fein PLLC, New York, NY, argued for plaintiff-appellant.  Also represented by ROBERT FEINLAND.

---

Before CHEN, HUGHES, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

In this appeal from a final judgment of the United States District Court for the District of Massachusetts, holding ineligible patent owner Hybir, Inc.'s asserted

claims[1] under 35 U.S.C. § 101, only Hybir has appeared and submitted a brief. The defendant and would-be appellee, Veeam Software Corp., has declined to file a brief defending the judgment in its favor. *See* Defendant-Appellee's Notice of Non-Participation, ECF No. 10 ("Pursuant to terms agreed upon by the parties, Veeam has an option to resolve the dispute related to the patent-in-suit following the conclusion of the present appeal. Accordingly, Veeam will not file a responsive brief and will not participate in oral argument."). The terms of Veeam's non-participation were revealed only after the court requested a copy of any agreement between the parties. *See* Order, ECF No. 24; Settlement and Limited Patent License Agreement (Settlement Agreement), ECF No. 25.[2]

The Settlement Agreement reveals that, after the district court granted Veeam's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and held the asserted claims ineligible under § 101, Hybir licensed a number of patents (not including the '043 patent) to Veeam. Settlement Agreement, Preamble, ¶ 1.1. The Settlement Agreement further provided that while Hybir reserved its right to appeal the final judgment, Veeam would not participate in any appeal of the judgment, including by not filing a response brief or participating at oral argument. Settlement Agreement, ¶ 2.4. Continuing, the Settlement Agreement provided that after any appeal, Veeam would have the option to add the '043 patent to the list of licensed patents for

---

[1] The asserted claims in the district court were claims 3, 4, 7, 16, 17, and 20 of U.S. Patent No. 8,051,043.

[2] While the Settlement Agreement was filed under seal, counsel for Hybir confirmed at oral argument that the contents of the Settlement Agreement may be discussed publicly. Oral Arg. at 0:33–1:33, https://www.cafc.uscourts.gov/oral-arguments/25-1367_04132026.mp3.

a mere $100.    Settlement Agreement, ¶ 2.5; Oral Arg. at 3:12–3:31.

After review, we determine this appeal is moot.  These facts are indistinguishable from those in *Allflex USA, Inc. v. Avid Identification Systems, Inc.*, in which we held that "where . . . the appellant has identified no relationship between the valuation placed on the appeal and the issues the appellant wishes to challenge, the parties have simply placed a 'side bet' on the outcome of the appeal, which is not enough to avoid a ruling of mootness."  704 F.3d 1362, 1369 (Fed. Cir. 2013).  In *Allflex*, the parties entered a settlement agreement in which "Avid [(the appellant)] would pay Allflex [(the would-be appellee)] a lump sum, but that Avid would be permitted to appeal from several aspects of the judgment and that, if it were to succeed on any of the appealed issues, Avid's settlement payment to Allflex would be reduced by $50,000."  *Id.* at 1363.  We held that there was no live case or controversy for the court to resolve because Avid had not shown that the $50,000 reduction in payment was anything more than a "token or arbitrary sum introduced for the purpose of manufacturing a controversy."  *Id.* at 1368 (quoting *Avid Identification Sys., Inc. v. Crystal Import Corp.*, 603 F.3d 967, 972 (Fed. Cir. 2010)).  In so holding, we emphasized that the $50,000 sum was "completely untethered to the value of any of the issues on appeal" and could not "be fairly characterized as a reasonable estimate of a prospective damages award that would take the place of an adjudicated damages award following the appeal."  *Id.* at 1368–69.

Here, the $100 option to add the '043 patent to the list of licensed patents in the Settlement Agreement serves the same purpose as the $50,000 payment reduction in *Allflex*: it is "a 'side bet' on the outcome of the appeal."  *Id.* at 1369.  And further, the $100 amount is "completely untethered to the value of any of the issues on appeal."  *Id.*  If we considered an untethered $50,000 amount in *Allflex* to be a "token or arbitrary sum" that did not create a live case

or controversy, *id.* at 1368–69, then surely the untethered $100 amount here is an even smaller token that likewise cannot create such a controversy.

When asked at oral argument why a live case or controversy still exists, Hybir argued that the circumstances in *Allflex* and *Avid* are distinguishable because the Settlement Agreement allows Veeam the *option* to pay the $100 and add the '043 patent to the list of licensed patents, but it does not *require* Veeam to do so if the outcome of the appeal turns a certain way. Oral Arg. at 2:33–3:30. Hybir further surmised that, if we were to reverse the district court's holding and deem the asserted claims eligible under § 101, it is "quite likely" that Veeam will not exercise its option to license the '043 patent for a mere $100 but rather will "want to take another crack at invalidating the ['043] patent another way." *Id.* at 4:00–4:18. It is the limited-license nature of the Settlement Agreement, according to Hybir, that would "most likely motivate[] [Veeam] to try to take a third crack" at invalidating the '043 patent. *Id.* at 4:18–5:21. Such unsubstantiated speculation does not convince us that a real and imminent injury or threat of future injury exists to save this appeal from mootness.

Accordingly, under our precedent in *Allflex*, we dismiss this appeal as moot and do not disturb the judgment of the district court.

**DISMISSED**

Costs

Hybir will bear its own costs.